### ARDSLEY CLUB v. DUREY, Collector of Internal Revenue.

District Court, N. D. New York.

March 15, 1930.

294

Benjamin Mahler, of New York City, for plaintiff.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. W. Wideman, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

BRYANT, District Judge.

Plaintiff is a New York membership corporation. Its articles of incorporation provide for annual dues of $150 and also authorize the board of governors, under certain restrictions, to levy and collect assessments. In March, 1923, pursuant to resolution duly adopted, an assessment of $150 plus $15 for federal tax was levied against each active and subscribing member. This was the first assessment levied since the inception of the club in 1895. Of the $74,783.37 collected under this assessment, $51,850.89 was used for capital expenditures and $23,083.37 for operating expenses.

The defendant levied a tax of $7,472.75 against the assessment collected as a tax on dues. This was paid under protest, and a claim for refund filed. Defendant refunded $5,165.09, the tax collected on that part of the assessment used for capital expenditures, and rejected the balance of the claim, viz. $2,307.66, the tax collected on the assessment used for payment of operating expenses. This action is brought by plaintiff to recover the rejected sum.

At the time this assessment was made, section 801 of the Revenue Act of 1921 (42 Stat. 291) was in force. It imposed a tax on "dues or membership fees" exceeding $10 of clubs similar to and including plaintiff. Section 501 of the Revenue Act of 1924 (26 US CA § 872) is substantially a re-enactment of section 801 of the 1921 Act. Neither act defines the term "dues or membership fees." The Commissioner of Internal Revenue, in pursuance of the provisions of section 1303 of the 1921 Revenue Act (42 Stat. 309) and section 1001 of the 1924 Revenue Act (26 US CA § 1245), prescribed rules and regulations for the enforcement of these acts. Regulation 43, part 2, article 9 (1921), provides that the term "dues or membership fees" shall be interpreted as "including recurrent assessments and assessments for running expenses," and article 9 of the 1924 Revision of said Regulation interprets the term "dues or membership fees" as "including all assessments except that portion thereof imposed for capital expenditures." It is under the last interpretation that the tax in question was levied and collected.

Plaintiff contends that the words "dues or membership fees" as used in the statute do not cover assessments of any kind, and that the Commissioner, in ruling that club assessments are to be taxed, even to any extent, went beyond the scope of the statute. In other words, plaintiff urges that the Commissioner attempted to remedy what in his opinion was a defect or omission in the law by legislating into the 1921 and 1924 acts provisions of law which Congress did not enact nor intend to enact. That the Commissioner cannot transcend the legislative function by supplying omissions is well settled. It is also well settled that his regulations, made pursuant to statutory authority with the approval of the Secretary of the Treasury, in respect to the assessment and collection of internal revenue, if not in conflict with the purpose and intent of the statute, have the force of law. What was the intention of the statute? Was it to lay an excise tax upon all payments made to any social, athletic, or sporting club or organization, if in excess of $10 per year, which were used to defray annual expenses, or was it to lay a tax upon the sums fixed to be paid at recurring intervals for the maintenance of the organization and exempt from such tax any amount imposed as a single act as distinguished from recurring acts for the same purpose? I am of the opinion that the former expresses the evident purpose and intent of the statute. The words "for any period" contained in the act seem to oppose the limiting of the words to payments made only at recurring intervals. To this may be added the fact that the Department's interpretation of the statute has had such implied approval that it should not be disturbed. The substantial re-enactment of this statute three times while the Regulation interpreting the statute to include "assessments" was being applied amounts to an implied legislative recognition and approval of the executive construction of the statute.

National Lead Co. v. U. S., 252 U. S. 140, 40 S. Ct. 237, 64 L. Ed. 496.

.Defendant may have judgment for dismissal of complaint, with costs.