## DOMHOFF & JOYCE CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5718.

Circuit Court of Appeals, Sixth Circuit.
June 11, 1931.

John Weld Peck, of Cincinnati, Ohio (Frank Brandon, of Lebanon, Ohio, and Peck, Shaffer & Williams, of Cincinnati, Ohio, on the brief), for petitioner.

J. P. Jackson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Frank M. Thompson, all of Washington, D. C., on the brief), for respondent.

894

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Petition to review a decision of the Board of Tax Appeals. The case involves income and profit taxes for the fiscal year ended December 31, 1920, in the sum of $92,619.24. The question is whether petitioner was entitled to charge off a claim against the Hamilton Furnace Company in the sum of $174,565.33. The facts were covered by stipulation. The Commissioner disallowed the deduction, and the Board sustained him.

 Petitioner, as agent of the Citizens' Gas Company, herein called the gas company, sold the Hamilton Furnace Company, herein called the furnace company, a quantity of coke. In April and May, 1920, the gas company delivered a portion of the coke in the aggregate value of $174,565.33. The furnace company refused to pay upon the ground that the gas company had breached the contract. Petitioner was not responsible for the fulfillment of the contract, but under its agreement with the gas company it paid the gas company for the coke shipped without regard to whether it had actually collected from the furnace company. Under this arrangement petitioner paid the gas company the said sum of $174,565.33, and, the furnace company having failed to pay petitioner, petitioner stopped further shipments and instituted suit in a court of common pleas of Ohio against the furnace company for the recovery of the aforesaid sum. Petitioner was defeated both in the court of common pleas and the Court of Appeals, but upon a writ of error to the Supreme Court the judgments of both lower courts were reversed and the cause remanded to the court of common pleas. 108 Ohio St. 25, 140 N. E. 485. In the meantime the furnace company had brought suit against the gas company in the United States District Court for the Southern District of Indiana for damages for a breach of the contract. These suits were pending until October, 1928.

On December 2, 1920, petitioner charged this account off upon the recommendation of its president, who reported to petitioner's directors that the claim was in litigation, that the case would not be reached for trial until 1921, and that its determination was indefinite and uncertain. The president made no suggestion that the claim was worthless. The gas company declined to credit petitioner upon the account and continued to carry it as a charge against petitioner. On August 17, 1922, petitioner, conceiving that it was within its legal rights, and over the protest of the gas company, deducted the amount of the claim from its current settlement with the gas company and carried it in an account called "Suspense." Thus matters stood until in October, 1928, when all parties settled their differences. The lawsuits were dismissed and the gas company canceled and abandoned its claim to the fund petitioner was withholding.

The law applicable follows:

Revenue Act of 1918, c. 18, 40 Stat. 1057, 1078, "Sec. 234 (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(5) Debts ascertained to be worthless and charged off within the taxable year. * * * *"

We think the Board was right. The burden was upon petitioner on the hearing before the Board to show that the Commissioner had erroneously disallowed the deduction. Before it was allowable, petitioner was required to establish (1) that its claim was a debt; and (2) that it was ascertained to be worthless and charged off within the taxable year.

It was charged off, but, assuming without deciding that the claim was a valid debt, there was no evidence that it was worthless. There was no suggestion that the furnace company was at any time unable to meet its obligations. Petitioner never lost anything. It protected itself in 1922 by withholding the amount from the gas company, and its right so to do was definitely determined in 1928.

The decision of the Board of Tax Appeals is affirmed.