## CROSS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6468.

Circuit Court of Appeals, Ninth Circuit.

Jan. 5, 1932.

Ralph H. Cross, in pro. per., of San Francisco, Cal. (A..H. Brandt, of San Francisco, Cal., of counsel), for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Erwin N. Griswold, Sp. Assts. to the Atty. Gen. (C. M. Charest, Gen. Counsel, and Bessie I. Koehl, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

The question to be determined in this case is whether or not petitioner is entitled to deduction from his income for the year 1925 of a debt for $6,200 owing to him by his nephew, J. F. Pullen, on a promissory note dated June 20, 1921, for $6,200, given as the purchase price of stock in the Scandinavian American Bank of Seattle, which petitioner had purchased prior to June, 1920, for the sum of $12,400. Ten days after the sale by the petitioner to his nephew the bank went into the hands of the superintendent of banks of the state of Washington. From that date forward Pullen contended that he had been defrauded by the sale of the stock to him, and from that time repudiated the obligation.

It appears, from the opinion of the tax commissioner, that the debtor had no property which he could not have exempted from execution, that no suit was brought upon the note by the petitioner "partly because petitioner believed it would be a useless proceeding as any judgment against the debtor would be uncollectible and because he feared a counter action by the debtor." The board found that the "conditions in prospect for payment of Pullen's note were no poorer in 1925 than they were in any prior year. The situation unchanged except for the running of the statute of limitations which was completed in June, 1925." The Board of Tax Appeals concluded "that the debt was worthless prior to 1925 and was so known to the petitioner and that it was not a proper deduction for that year."

The evidence amply sustains and indeed compels that conclusion. In order for the taxpayer to secure a deduction of a worthless debt, he must charge it off his books during the year in which he ascertains it to be

worthless. Unless the ascertainment of worthlessness and the charging off of the debt occur in the same taxable year, he is not entitled to the deduction. American Sav. Bank & Tr. Co. v. Burnet (C. C. A.) 45 F.(2d) 548.

The decision of the Board of Tax Appeals is affirmed.