**PEERLESS OIL & GAS CO. v. HEINER.**

No. 7358.

District Court, W. D. Pennsylvania.

Feb. 20, 1935.

Strassburger & McKenna, of Pittsburgh, Pa., for plaintiff.

Horatio S. Dumbauld, U. S. Atty., of Pittsburgh, Pa., and Orris Bennett and D. L. Bergerson, Sp. Assts. to Atty. Gen., for defendant.

SCHOONMAKER, District Judge.

This is an action by the Peerless Oil & Gas Company, a Delaware corporation, against D. B. Heiner, collector of internal revenue for the Twenty-Third district of Pennsylvania, to recover taxes alleged to have been illegally collected. A jury trial was waived, and the court heard the case on the pleadings and proofs.

Findings of Fact.

The essential facts necessary for the complete determination of the issues in this case are found in the stipulation as to facts filed herein on May 31, 1934, and in a supplemental stipulation filed herein on January 21, 1935, the date of the trial. We will therefore find the facts of the case to be as stated in these two stipulations.

Conclusions of Law.

We conclude, as a matter of law, that the plaintiff is not entitled to recover, and that a judgment should be entered in the case for the defendant, with costs.

## Opinion.

This suit was originally brought to recover $53,520.28, the original income tax paid for the year 1927. By amendment to the statement of claim filed January 2, 1935, the amount of the claim was increased $3,946.68, the amount of the additional tax assessed against plaintiff, and paid under protest on April 16, 1930, thus making the total claim of the plaintiff $57,466.96.

The sole issue is whether or not the plaintiff is lawfully entitled to a deduction from its 1927 income tax as a bad debt, the whole or part of certain notes made to it by the Osborn Properties, Inc., a Florida land company. Under the applicable statutes (Revenue Act of 1926, c. 27, § 234 (a) (5), 44 Stat. 9, 42, USCA title 26, § 986 [26 USCA § 23 note]), a corporation subject to tax imposed by section 230 shall be allowed as a deduction: "(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

In this particular case, the plaintiff filed its income tax return on June 15, 1928, disclosing a tax liability of $53,520.28, which amount was assessed and paid. This return did not disclose any claim for bad-debt deductions. During the years 1925, 1926, 1927, loans in various amounts were made by the plaintiff to the Osborn Properties, Inc. As of December 31, 1927, the total amount of these loans was $667,929.95. These loans were secured by the notes of that company and also by mortgage on real estate purchased by it. The corporation defaulted on all loans, and in 1927 the officers of the plaintiff realized that the Osborn Properties, Inc., would never be able to pay the loans, and that the mortgage purchased by the plaintiff on the real estate of the Osborn Properties, Inc., would have to be foreclosed. The foreclosure proceedings were started in August, 1927, and in December, 1927, the officers of the plaintiff company decided to have an appraisal made of the property, employing the Miami Realty Board for that purpose. This board's appraisal placed a valuation on the property of $262,225 as of December 12, 1927.

The foreclosure proceedings were opposed by one of the officers of the Osborn Properties, Inc., and the final decree of sale was not obtained until February, 1929. The property was then sold at a master's sale for $10,000.

The officers of the plaintiff company feel that a great part of the loss from the loans resulting from these Florida loans accrued in 1927, and therefore in accordance with article 112, Act of 1926 (Treasury Regulation 69) claimed a loss sustained in 1927 amounting to the difference between the amount of the loans made to December 31, 1927, and the amount of the appraisal made by the Miami Realty Board. If the difference between these two amounts were applied to the income tax return of the plaintiff filed in the year 1927, it would show a net loss; and therefore there would be no tax liability for that year. The plaintiff filed a claim for refundment for the taxes paid, and accompanying that claim filed what was called an amended return (although the taxing statute in question does not authorize any such amended return), claiming as a bad-debt loss on Florida property loans of $405,704.95. In its income tax return for 1928, the plaintiff made no deductions for any bad debts from loans made to Osborn Properties, Inc. The balance sheets at the beginning and end of that year disclose in the notes receivable that the Osborn Properties, Inc., notes were still carried as notes receivable during that year. October 5, 1930, the plaintiff filed its income tax return for the year 1929, disclosing a net loss and therefore no tax liability. Under deductions in item 18, "Bad Debts," the plaintiff claimed as a bad debt, "Mortgages and notes Florida Real Estate foreclosed, $600,000." An additional tax for the year 1927 of $3,655.68, and interest thereon of $291, or a total of $3,946.68, was assessed by the Commissioner of Internal Revenue, and paid by the plaintiff under protest on April 16, 1930, and on April 10, 1931, the plaintiff's claim for refund was rejected in full. On December 12, 1931, the plaintiff then filed with the Commissioner of Internal Revenue an application to reopen claim for refund under the Provisions of Treasury Decision 4235 with reference to the bad debt claimed in 1927. On November 28, 1932, the Commissioner of Internal Revenue refused to reopen the claim for refund, giving as his reason therefor that although the notes in question were ascertained to be worthless during the year 1927, the entries made on the taxpayer's books in that year relative to the notes were not sufficient to constitute a

proper charge-off, as required by section 234 (a) (5) of the Revenue Act of 1926 (26 USCA § 23 note). On January 6, 1933, based on information submitted in letter dated December 19, 1932, the Commissioner of Internal Revenue rejected the plaintiff's claim for the refund of the additional tax for 1927.

■ On this situation, we cannot see that the plaintiff has made out a case which would entitle it to recover. There was no bad debt charge-off in 1927. There was a certainty, apparently, that the Florida mortgages would have to be foreclosed and that a loss was likely to follow. But there was no charge-off on the books of the company, nor any act that would be equivalent thereto. In the 1927 tax return there were no bad debts claimed, nor was there any application in that return to the Commissioner to allow any debt to be charged off in part. In its 1929 tax return, the plaintiff actually claimed the loss as being sustained in that year.

■ It has been repeatedly held by the courts that a debt may be deducted as worthless only when it is shown: (1) That it was ascertained to be worthless; and (2) that it was charged off within the taxable year. Fairless v. Commissioner (C. C. A.) 67 F.(2d) 475; Duffin v. Lucas (C. C. A.) 55 F.(2d) 786; Commissioner v. Liberty Bank & Trust Co. (C. C. A.) 59 F.(2d) 320; Domhoff & Joyce Co. v. Commissioner (C. C. A.) 50 F.(2d) 893; Continental Pipe Mfg. Co. v. Poe (C. C. A.) 59 F.(2d) 694; Jones v. Commissioner (C. C. A.) 38 F.(2d) 550; Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; American Cigar Co. v. Commissioner (C. C. A.) 66 F.(2d) 425.

In addition to that, the plaintiff actually charged off these Florida loans as bad debts in 1929, and claimed them as such in its 1929 tax return. In our opinion, the plaintiff is held to that election. Fidelity Storage Corporation v. Burnet, 61 App. D. C. 121, 58 F.(2d) 526; Ralston Purina Co. v. United States (Ct. Cl.) 58 F.(2d) 1065; Continental Products Co. v. Commissioner (C. C. A.) 66 F.(2d) 434; Moran v. Commissioner (C. C. A.) 67 F.(2d) 601.

■ The plaintiff is in no better situation as to its application to the Commissioner to allow this debt to be charged off in part. There was no application when it filed its 1927 tax return to charge off any part of this Florida Land Company debt. The first attempt of the plaintiff to bring this claim for charge-off of a partially worthless debt was its application to reopen the case on December 12, 1931. This application was rejected by the Commissioner. This action by the Commissioner is conclusive unless it appears that his act in refusing to allow a charge-off of a partially worthless debt was an abuse of discretion. Stranahan v. Commissioner (C. C. A.) 42 F.(2d) 729; Atlantic Bank & Trust Co. v. Commissioner (C. C. A.) 59 F.(2d) 363; Commissioner v. Liberty Bank & Trust Co. (C. C. A.) 59 F.(2d) 320, 322.

There is no evidence in this case from which we can find that the act of the Commissioner in refusing to allow this partial charge-off was arbitrary or capricious.

On the whole case, therefore, our conclusion is that the plaintiff is not entitled to recover. An order for judgment for the defendant may be submitted.