### PEERLESS OIL & GAS CO. v. HEINER,
#### Collector of Internal Revenue.
#### No. 5809.

Circuit Court of Appeals, Third Circuit.
Jan. 6, 1936.

Rehearing Denied Feb. 19, 1936.

E. B. Strassburger and Strassburger & McKenna, all of Pittsburgh, Pa., for appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and S. E. Blackham, Sp. Assts. to the Atty. Gen., and Horatio S. Dumbauld, U. S. Atty., of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The question in this case is whether the taxpayer, Peerless Oil Company, is entitled under section 234 (a) of the Revenue Act of 1926, 44 Stat. 41, to deduct certain debts for the taxable year of 1927 as worthless.

The taxpayer made to a corporation several large loans on real estate located in Florida. These loans were secured by second mortgages. After making loans totaling $318,000, the plaintiff was forced to purchase certain first mortgages on the property in order to protect its investment. On June 15, 1927, the taxpayer knew that a certain part of its loans was uncollectible and its board of directors passed a resolution authorizing foreclosure of this property, stating that it realized that the loans were uncollectible and that a substantial loss would result. The taxpayer made a separate entry in its books on July 31, 1927, to the effect that the loans receivable on the property involved, amounted to $656,000. In November it appeared that foreclosure of the property could not be accomplished in 1927 and the taxpayer resolved that the

property should be appraised in order to establish the approximate value of the loss sustained. The Miami Realty Board appraised the property at a fair market value of $262,000 at the end of 1927. The taxpayer was under the impression the loss on this property could not be claimed in 1927 and did not take any loss on its return for that year. In 1929 the taxpayer charged off for bad debts $600,000 on account of Florida property, including this property, and claimed the loss in its income tax return for that year. Prior to that time, on April 12, 1929, the taxpayer filed a claim for refund of income taxes in the sum of $53,-000 for the year 1927 and at the same time filed an amended return for 1927 in which it claimed a loss of $405,000 incurred as a result of the loans on the Florida properties. The loss was allowed for 1929, but the Commissioner denied the deduction for 1927, and the taxpayer brought this suit in the District Court for refund of taxes paid for 1927.

Section 234 (a) provides: "There shall be allowed as deductions: * * * Debts ascertained to be worthless and charged off within the taxable year * * * and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

The taxpayer contends it is entitled to the refund on the ground that the debt became worthless in 1927 and was actually charged off in that year; that in any event the loss deducted is a partly worthless debt; and that it is not estopped from claiming the loss in 1927 because it claimed the same loss and was allowed a deduction in 1929. It seems to us that the conclusion reached by the District Court that the taxpayer cannot take the loss in 1927 is correct. While the loss was really realized in 1927, the taxpayer, by reason of its own mistaken understanding of the law, failed to properly charge off the loss for that year; in fact it did not charge it off until 1929 and then filed an amended return and a claim for refund. But not being satisfied to await the determination of that, it took the deduction in its return for 1929 while the claim for refund was pending and the Commissioner allowed the loss to be deducted in 1929 but subsequently denied the claim for refund. It is true that the taxpayer has failed only to comply with the requirement of the statute, to wit, that the debt be charged off within the taxable year on its books, but that is the requirement of the law and, as provided in Treasury regulations, the taxpayer must make every reasonable effort to ascertain the facts necessary to make a correct return within the taxable year. The requirement of the statute should be followed to assure the orderly and speedy determination of these tax matters, which the Congress intended to be so done finally in the course of every calendar year.

It therefore seems to us that the Commissioner did not abuse the discretion given him by the statute in refusing to open the taxpayer's return for 1927, after the taxpayer had asked for and been allowed the deduction in 1929.

Its judgment is, therefore, affirmed.