## LOOSE–WILES BISCUIT CO. v. RASQUIN, Collector of Internal Revenue.

### No. 206.

Circuit Court of Appeals, Second Circuit.

March 14, 1938.

---

Patterson, Eagle, Greenough & Day, of New York City (Carroll G. Walter and A. F. Schaeffner, both of New York City, of counsel), for appellant.

James W. Morris, Asst. Atty. Gen., J. Louis Monarch, Norman D. Keller, and James E. Murphy, Sp. Assts. to Atty. Gen., and Harold St. L. O'Doughtery, U. S. Atty., and Vine H. Smith and J. Wolfe Chassen, Asst. U. S. Attys., all of Brooklyn, N. Y., for appellee. .

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

None of the essential facts are in dispute. The appellant is a corporation which was engaged in the manufacture of bakery products in the Eastern District of New York in 1934. When the Revenue Act of that year became effective on May 10, 1934, the appellant had in stock 260,431 pounds of coconut oil produced in or from materials grown in the Philippine Islands. It had been before that date purchased by the appellant in the United States from sellers who previously and after the oil had been imported in its crude form had put it through a refining process which had left it still coconut oil but of a purity making it suitable for use as shortening in the business of the appellant. The appellant did so use it between May 10, 1934, and October 11, in the same year. On the last-mentioned date, appellant filed its return under section 602½ of the Revenue Act of 1934, 26 U.S.C.A. § 999, in which its use of the oil as shortening was disclosed and paid a tax of $7,812.93 upon processing of the oil. It later paid interest on the tax to the amount of $251.32.

A timely claim for refund was filed. That was rejected in full by the Commissioner of Internal Revenue, and this suit was brought to recover the amounts paid as above stated.

Section 602½ of the Revenue Act of 1934, 26 U.S.C.A. § 999, provided in the part here material that: "There is imposed upon the first domestic processing of coconut oil, * * * or of any combination or mixture containing a substantial quantity of any one or more of such oils with respect to any of which oils there has been no previous first domestic processing, a tax of 3 cents per pound to be paid by the processor."

It is plain enough, as the plaintiff insists, that as an act of processing is alone made the subject of the tax and that as the tax bears only upon the first domestic processing and is payable by the processor who does the first domestic processing, no domestic processing after the one "first" is taxed and no tax is payable by any subsequent processor. The government does not disagree with that, but does take issue with the plaintiff as to whether the domestic processing of the oil by refining it before the plaintiff purchased it or the domestic processing of it by the plaintiff when it was used by it as shortening is to be taken as the first within the meaning of the statute, the reasoning of the government being that, as the statute is prospective, the only reasonable construction is one that would tax the first domestic processing of the oil after its effective date. It is in accordance with this view that the complaint was held below not to state a cause of action.

It is also argued in support of the order dismissing the complaint that Treasury regulations to the same effect were subsequently approved by Congress in enacting legislation relating to this tax. T.R. 48(1), duly promulgated under this section of the act, in the pertinent part reads: "First domestic processing means the first use in

the United States on or after the effective date of the Act. * * * " And in T. R. 48(3), it is stated that: "The tax is imposed only on the first domestic processing on or after the effective date of the Act." In section 402 of the Revenue Act of 1935, 49 Stat. 1026, a tax equal to the tax laid in section 602½ of the 1934 act, 26 U.S. C.A. § 999, was imposed upon importation of articles whose processing was not taxed under section 602½, and by section 702 of the Revenue Act of 1936, 26 U.S.C.A. § 999, section 602½ of the 1934 act was amended and re-enacted without changing the phrase "first domestic processing."

■ If these regulations are to be taken as the correct interpretation of the statute, they make it plain that what was taxed was the first, and only the first, domestic processing which occurred after May 10, 1934, making that date the time base to which alone reference may be made to determine which domestic processing is first within the statutory meaning. Apart from the regulations, we think the language of the statute does leave it doubtful whether Congress intended to tax a processing of the oils within the United States, which, though a first processing in point of time after the effective date of the statute, was not also the first in point of fact which had taken place in the country. A first processing relative to the effective date might in some instances be also a first domestic processing within the broadest meaning of that phrase and so clearly taxed, but in other instances, of which this case is one illustration, some previous domestic processing would be the first when only the relative time relationship of two or more acts of domestic processing as such were taken into account. And, of course, taxing statutes of doubtful meaning are to be construed most strongly against the government and not extended by implication. Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211.

■ Yet section 602½ does itself throw some light upon whether the words "first domestic processing" were used literally so as to mean only the first processing of the oils which ever occurred in the United States. As the statute is prospective only, the first processing taxed must occur on or after its effective date. On and after that date the appellant had on hand a substance which was actually coconut oil subject to processing as such. If any previous processing of it in this country which left it still coconut oil was to be treated as the first domestic processing to give it such a status as not to be capable of being subjected to a taxable processing as coconut oil, we think Congress would have said so, as it did in the same section in respect to mixtures. The first domestic processing of mixtures containing a substantial quantity of one or more of the oils named was taxed in the same way the processing of oils was taxed, but only when in respect to any of the oils in the mixture there had been "no previous first domestic processing." The phrase just quoted did not apply to mixtures but, it will be noticed, to the oils substantially composing the mixtures. It shows, we think, that Congress did not use the words "first domestic processing" in the literal sense in point of time that the appellant now seeks to give them. The use of that expression is significant, in that it shows that Congress understood that the oils in the mixture might have been subjected to a processing not only domestic and not only the first in this country, which would be inevitable if they had been processed here at all, but also to the taxable processing it described in the statute as the "first domestic." Otherwise there was no point in using the two words "previous first" instead of merely "previous." Immunity was given the first domestic processing of mixtures only when the "previous first" domestic processing of the oils in their composition, which alone made the processing of the mixture within the statute at all, was a taxable processing, for clearly the purpose of the limitation was to prevent taxing more than once the processing of what was treated as really the same oil. "Previous first" was used as a synonymous with "previous taxable." As a previous domestic taxable processing of the oils would have to be on or after the effective date of the act, we think the statute contains inherent evidence that the expression "first domestic processing" was used to designate the first domestic processing after May 10, 1934. We do not, however, rely on that for more than to show that the Treasury regulations promulgated under the statute were a reasonable construction of the statutory language. But that, coupled with the fact that Congress amended section 602½ and re-enacted it as amended in section 702 of the Revenue Act of 1936, leaving the words "first domestic processing" unchanged, does, we think, show congressional approval of the admin-

istrative interpretation of that phrase in the statute so persuasively that we should give it effect. Accordingly, we feel bound to hold the regulations valid. Hecht v. Malley, 265 U.S. 144, 44 S.Ct. 462, 68 L.Ed. 949; Brewster v. Gage, 280 U.S. 327, 50 S. Ct. 115, 74 L.Ed. 457. That being so, the complaint did not state a cause of action.

Order affirmed.