**SANTA MONICA MOUNTAIN PARK CO., Limited, v. UNITED STATES.**

No. 8784.

Circuit Court of Appeals, Ninth Circuit.

Oct. 31, 1938.

Claude I. Parker, John B. Milliken, Bayley Kohlmeier, and Lloyd Rainey, all of Los Angeles, Cal., for appellant.

James W. Morris, Asst. Atty. Gen., Sewall Key, Berryman Green, and W. Croft Jennings, Sp. Assts. to the Atty. Gen., and Ben Harrison, U. S. Atty., and E. H. Mitchell and Alva Baird, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a judgment of the District Court in favor of defendant. The action was brought by appellant, Santa Mon-

ica Mountain Park Company, Ltd., a California corporation, for the recovery of income taxes in the sum of $148,500 paid by appellant for the year 1927, which taxes were assessed under the provision of the Revenue Act of 1926 and collected from appellant by the Collector of Internal Revenue for the Sixth District of California. Claim for refund was filed and rejected and this action was brought for recovery of said taxes pursuant to and under the authority of Section 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20).

The question presented in this case is whether, under the provisions of Section 234(a) (5) of the Revenue Act of 1926, 44 Stat. 41, appellant was entitled to deductions in computing its net income for the calendar year 1927 (1) in the amount of the partial worthlessness of certain bonds of the Minarets and Western Railway Company owned by appellant, and (2) in the amount of interest on said bonds accrued on appellant's books as income for the year 1926 but alleged by appellant to be a bad debt attributable to the year 1927.

The facts, so far as they are material to this appeal, are as follows: During the year 1927 the appellant owned bonds of the Minarets and Western Railway Company, a corporation, of the face value of $2,500,000, which it had purchased in 1923 for $2,425,000. The Railway Company's chief activity was the hauling of lumber for the Sugar Pine Lumber Company, a corporation. The officers and directors of the appellant corporation were also officers and directors of the Sugar Pine Lumber Company and of the Railway Company, and were throughout the year 1927 and at all times subsequent thereto familiar with the affairs and operations of the Railway Company. The appellant filed its income tax return for the year 1927 on the 15th day of March, 1928. No claim for a deduction based on the contention that said bonds were worthless either in whole or in part was made on said return. The return showed a taxable net income of $1,463,495.79 and a tax due thereon in the sum of $197,571.93. The tax was voluntarily paid by appellant in four quarterly installments during the year 1928. The appellant made no claim that it had sustained any loss in 1927 by reason of the partial worthlessness of the bonds owned by it until 1931, when claims for refund were filed. An investigation of said return and claims was made by an Internal Revenue Agent and a report submitted to the Commissioner under date of April 5, 1932. The claim for refund was denied. The appellant kept his books on the accrual basis, and in 1926 there accrued on its books interest on the bonds in the sum of $100,000. For the years subsequent thereto no interest on the bonds was accrued. The interest accrued in 1926 was never paid by the Railway Company. This amount of interest so accrued and unpaid and the amount carried on the books of appellant representing the face value of the bonds were carried on the books as current assets and were not written down or charged off on the books in 1927 as either partially or totally worthless. It was stipulated by the parties that the bonds were carried on the books of appellant without adjustment until November 30, 1928, when refunding bonds and new stock were issued; that the shares of stock received in exchange for the bonds surrendered in November 1928 were not written down or charged off as worthless until the year 1934.

The case was tried without a jury. The District Court entered its findings of fact and conclusions of law and held[1] that the bonds were not partially worthless in 1927 and that appellant did not ascertain in the year 1927 that said bonds were worthless either in whole or in part; that the Commissioner interpreted the law correctly when he held that under the Revenue Act of 1926 both (1) an ascertainment of the worthlessness of the debt and (2) a charge off within the taxable year are necessary to the allowance of the deduction; that these two conditions precedent apply alike to all deductions claimed for bad debts, whether wholly or partially worthless; and that the Commissioner did not abuse his discretion in rejecting said claims for refund.

Section 234(a) (5) of the Revenue Act of 1926, 44 Stat. 41, provides:

"Sec. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

In order to fully understand the problem now before this court, it is helpful to review

[1] See opinion below, 20 F.Supp. 209.

the legislative history of the statutory provisions relating to deductions for bad debts as found in the Revenue Acts commencing with the Act of 1918. Section 234(a) (5) of the Revenue Act of 1918, 40 Stat. 1077, allowed a deduction for "Debts ascertained to be worthless and charged off within the taxable year." In 1921, Congress added the clause "and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part." Revenue Act, 1921, § 234(a) (5), 42 Stat. 254.[2] This provision for bad debts was re-enacted in identical language in the Revenue Acts of 1924, § 234(a) (5), 43 Stat. 283, 1926, § 234(a) (5), 44 Stat. 41, and 1928, 23(j), 26 U.S.C.A. § 23(j) note. Congress in enacting the Revenue Act of 1932 changed the language of section 23(j), 26 U.S.C.A. § 23(k), to read as follows: " * * * and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, *in an amount not in excess of the part charged off within the taxable year, as a deduction."* [Italics supplied.] This same language is found in the Revenue Acts of 1934, § 23(k), 26 U.S.C.A. § 23(k), 1936, § 23(k), 26 U.S.C.A. § 23(k) and 1938, § 23 (k) (1), 26 U.S.C.A. § 23(k) (1). Prior to the decision of the Supreme Court in Spring City Foundry Co. v. Commissioner, 1934, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200, there was a conflict among the cases as to whether a taxpayer was entitled to take a deduction under the Revenue Act of 1918 for debts ascertained to be *partially* worthless.[3] The Supreme Court held, in the cited case, that a taxpayer was not entitled to such a deduction under the 1918 Act and that the 1921 Act was the first Act allowing a deduction for partially worthless debts.

It is conceded by appellant that under the provisions of section 234(a) (5) of the Revenue Act of 1926, two conditions precedent to the allowance of a deduction for *totally* worthless debts are essential, (1) an ascertainment during the taxable year that the debts are worthless, and (2) a charge off during the same year on the books of the taxpayer. American Cigar Co. v. Commissioner, 2 Cir., 1933, 66 F.2d 425, certiorari denied 1933, 290 U.S. 699, 54 S.Ct. 209, 78 L.Ed. 601; Continental Pipe Mfg. Co. v. Poe, 9 Cir., 1932, 59 F.2d 694; Cross v. Commissioner, 9 Cir., 1932, 54 F.2d 781;

American Sav. Bank & Trust Co. v. Burnet, 9 Cir., 1930, 45 F.2d 548. However, it is the contention of appellant that where the taxpayer is seeking a deduction for a *partially* worthless debt, a charge off is not a necessary condition precedent to the allowance of such a deduction. Its argument is that under the law the Commissioner must be "satisfied that a debt is recoverable only in part" and that when he is so "satisfied" he "may allow such debt to be charged off in part;" that this indicates that the charge off should be deferred until the matter has been presented to the Commissioner. In support of this contention, appellant cites Commissioner v. Liberty Bank & Trust Co., 6 Cir., 1932, 59 F.2d 320; Chatham Phenix National Bank & Trust Co. v. Helvering, 1936, 66 App.D.C. 330, 87 F.2d 547; Turbeville v. Commissioner, 1934, 31 B. T. A. 283; First Citizens Bank & Trust Co. v. Com'r, 1935, 32 B. T. A. 335; Huntting v. Com'r, 1935, 32 B. T. A. 495; and American Fork & Hoe Co. v. Com'r, 1936, 33 B. T. A. 1139.

The Liberty Bank Case, supra, supports appellant's position. In that case the court held that section 234(a) (5) [of the Revenue Act of 1921] deals with two classes of debts, those wholly worthless and those recoverable only in part; that the allowance of a deduction as to each class depends on the performance of a precedent act or acts; that in dealing with partially worthless debts the precedent act must be performed by the Commissioner, that until he is "satisfied" there can be no charge off; that the taxpayer being under no duty to make the charge off until the Commissioner permits it to be done, it is sufficient to give the taxpayer a right to have the Commissioner's ruling reviewed that his claim to a charge off was made and rejected. This decision in the Liberty Bank Case was followed without comment in Turbeville v. Commissioner, supra; First Citizens Bank & Trust Co. v. Commissioner, supra; Huntting v. Commissioner, supra; and American Fork & Hoe Co. v. Commissioner, supra, all decisions of the Board of Tax Appeals. In Chatham Phenix National Bank & Trust Co. v. Helvering, supra, counsel for the government, on the authority of the Liberty Bank Case, conceded that a charge off was not a necessary condition precedent to the allowance of a deduction of a partially worthless debt.

[2] The bracketed portion of the section "(or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts);" was also added in 1921.

[3] See cases cited in Paul & Mertens, Law of Federal Income Taxation (1934), Vol. 3, § 28.33, p. 424, notes 32 and 34.

Appellant also points out that the Supreme Court in Spring City Foundry Co. v. Com'r., supra, held that in adding the amendment to section 234(a) (5) in 1921 allowing for deductions for partially worthless debts Congress intended to change the law. This, appellant argues, indicates that the two portions of the section are to be separately considered. To further fortify its position appellant has called our attention to the opinion of the General Counsel of the Bureau of Internal Revenue[4] relative to the decision in the Liberty Bank Case, supra. The memorandum reads as follows:

"Advice is requested whether the decision of the Circuit Court of Appeals (Sixth Circuit) in Commissioner v. Liberty Bank & Trust Co., 59 F.2d 320, should be followed generally in determining the deductibility of *partially* worthless debts under the Revenue Acts of 1921, 1924, 1926 and 1928.

\* \* \* \* \* \*

"It is the opinion of this office that in order to have the benefit of such a deduction there must have been an ascertainment by the taxpayer of partial worthlessness *within the taxable year*. The charge-off in such a case, being a technical requirement, may be made after the taxable year. The allowability of the deduction is, of course, subject to the discretion of the Commissioner. This conclusion is applicable to all cases involving the deductibility of *partially* worthless debts under the Revenue Acts of 1921, 1924, 1926 and 1928. \* \* \*

"In view of the change in language of the corresponding provisions of the Revenue Act of 1932, the decision is not applicable to cases arising under that Act." [Italics the General Counsel's.]

■ We are unable to accept as correct the interpretation put on the sections dealing with partially worthless debts as found in the Revenue Acts of 1921, 1924, 1926 and 1928 by the Circuit Court of Appeals for the Sixth Circuit in the Liberty Bank Case, supra. There is no authority in the legislative. history of the 1921 Act for the construction

adopted by the court in that case. The history simply shows that Congress thought that partially worthless debts should be deductible.[5] As pointed out in Paul and Mertens, Law of Federal Income Taxation (1934), Vol. 3, § 28.36, p. 427, in commenting on the "ingenious" argument advanced by the taxpayer in the Liberty Bank Case, " \* \* \* It seems quite improbable that it was the intention of Congress to compel taxpayers to consult the Commissioner and receive his authorization as a condition precedent to the charge-off of such debts. Under a fair interpretation of the act taxpayers may deduct partially worthless debts which are both ascertained to be worthless and charged off within the taxable year. It is then for the Commissioner, if he is not satisfied that the debt is partially worthless, to disallow the deduction; the Commissioner's act is not in the nature of a condition *precedent* to the right to charge off, but is in the nature of a condition *subsequent* which operates to cut off the right to such a deduction. Any other interpretation would result in an administrative confusion hardly contemplated by Congress." [Italics the authors'.]

It is contended by appellant that in Spring City Foundry Co. v. Commissioner, supra, the Supreme Court held that in adding the amendment to section 234(a) (5) in 1921, Congress intended to change the law. This, it is argued, indicates that the two parts of the section are to be considered separately. We are unable to accept this argument. It is true that the Supreme Court did hold that Congress intended to change the law, but it by no means follows that the two parts of the section are not to be construed together. That which was added in 1921 standing alone has no significance. If it were to be construed entirely separate from the first part of the section, there would be no necessity, so far as the express language of the statute provides, for an ascertainment of the partial worthlessness of the debt during the taxable year. Yet it is apparently conceded by appellant that

---

[4] General Counsel's Memorandum 13114, Cu.Bull.Treas.Dept.Rulings XIII-1, p. 116.

[5] See, e. g., Report of the Committee on Ways & Means, 67th Cong., 1st Sess., House Reports No. 350, p. 11, where appears the following statement:

"Under the present law worthless debts are deductible in full or not at all, but Section 214 would authorize the Commissioner to permit a deduction for debts recoverable only in part, or in his discretion to recognize a reserve for bad debts—a method of providing for bad debts much less subject to abuse than the method of writing off bad debts required by the present law." Section 214 dealt with deductions by individuals and contained the same new provisions as those found in section 234(a) (5) dealing with deductions by corporations.

such ascertainment during the taxable year is a necessary condition precedent, and a goodly portion of its brief is devoted to the argument that the court erred in finding that appellant did not ascertain the partial worthlessness of the bonds during the year 1927. There is no contention by appellant that such ascertainment during the taxable year is not essential to the allowance of such a deduction.

That Congress intended the two parts of the section to be read together is further indicated by the language found in the Report of the Committee on Ways & Means, 67th Cong., 1st Sess., House Report No. 350, p. 11,[6] wherein the committee states, " * * * but section 214 would authorize the Commissioner to permit a deduction for debts recoverable only in part, *or in his discretion to recognize a reserve for bad debts * * *"* [Italics supplied.] It is apparent that if the Commissioner were to be allowed to "recognize a reserve for bad debts" when dealing with partially worthless debts the only authority for his so doing would be found in the first part of the section. A court may look to the formal reports of Committees acting on proposed legislation to aid it in determining the intent of Congress. Burnet v. S. & L. Bldg. Corporation, 1933, 288 U.S. 406, 53 S.Ct. 428, 77 L.Ed. 861; George Moore Ice Cream Co. v. Rose, 1933, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; U. S. Cartridge Co. v. United States, 1932, 284 U.S. 511, 52 S.Ct. 243, 76 L.Ed. 431; see ten Broek, Admissibility of Congressional Debates in Statutory Construction by the United States Supreme Court, 26 Calif.L.Rev. 287 (1938).

The basic idea underlying the requirement of a charge off during the taxable year is "to prevent taxpayers from adopting the patently inconsistent position of deducting debts as worthless and at the same time considering the debts as assets. In other words, if the taxpayer considers debts as uncollectible for income tax purpose, they must be worthless in all respects and he cannot use these uncollectible debts as assets in his balance sheet; if he wishes to deduct the debts he must effectually eliminate them from his books." Paul & Mertens, Law of Federal Income Taxation (1934), Vol. 3, § 28.26, p. 418. In Fairless v. Com'r, 6 Cir., 1933, 67 F.2d 475, 478, the court, in commenting on the necessity for a charge off for totally worthless debts, said,

"It was clearly the purpose of the Congress to condition allowance of deduction for bad debts upon the perpetuation of evidence that they were ascertained to be worthless within the taxable year, and upon some specific act of the taxpayer clearly indicating their abandonment as assets. Undoubtedly Congress was competent to make such provisions, and their value in preventing evasion and fraud is obvious."

Whereas it is the duty of this court to interpret and not to legislate, it appears to us that every reason for requiring a charge off when dealing with totally worthless debts applies when dealing with partially worthless debts. It seems to us that Congress in amending section 234(a) (5) in 1921 intended to do no more than to change the law to allow a deduction for partially worthless debts, and intended that established provisions relative to deductions for totally worthless debts as appear in the first part of section 234(a) (5) would be in force in dealing with deductions for partially worthless debts.

Settled rules of statutory construction support our conclusion that a charge off during the tax year is a condition precedent to the allowance of a deduction for partially worthless debts. It is fundamental that the province of construction of statutes lies wholly within the domain of ambiguity. The rules of construction are an aid to resolve doubts and not to create them. Ruggles v. Illinois, 1883, 108 U.S. 526, 2 S.Ct. 832, 27 L.Ed. 812; Wisconsin R. R. Comm. v. Chicago, B. & Q. R. R. Co., 1922, 257 U.S. 563, 42 S.Ct. 232, 66 L.Ed. 371, 22 A.L.R. 1086; Riverdale Co-operative Creamery Ass'n v. Commissioner, 9 Cir., 1931, 48 F.2d 711. However, where, as in this case, there is an uncertainty as to the intent of the legislature, a court may avail itself of extrinsic aids in a search for the "voice of Congress." Burnet v. Guggenheim, 1933, 288 U.S. 280, 53 S.Ct. 369, 77 L.Ed. 748. An ambiguous statute calls for resort to every source of interpretative assistance. United States v. Fisher, 1804, 2 Cranch 358, 2 L.Ed. 304.

Article 151 of Regulations 62, relating to the Revenue Act of 1921; Article 151 of Regulations 65, relating to the Revenue Act of 1924; Article 151 of Regulations 69, relating to the Revenue Act of 1926; and Article 191 of Regulations 74, relating to the Revenue Act of 1928, all provide:

---

[6] See footnote 5, supra.

"Where all the surrounding and attending circumstances indicate that a debt is worthless *either wholly or in part,* the amount which is worthless *and charged off* or written down to a nominal amount on the books of the taxpayer shall be allowed as a deduction in computing net income. There should accompany the return a statement showing the propriety of any deduction claimed for bad debts." (Italics supplied.)

The Commissioner cannot make regulations arbitrarily or unreasonably nor supply supposed omissions in a statute,[7] but he has the power to make regulations which make explicit what is general in the law and to clear up uncertainty. United States v. Dakota-Montana Oil Co., 1933, 288 U.S. 459, 53 S.Ct. 435, 77 L.Ed. 893. The courts will give great weight to the administrative construction put on a revenue statute and such a construction will not be disturbed except for weighty and cogent reasons. Brewster v. Gage, 1930, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457; Maryland Casualty Co. v. United States, 1920, 251 U.S. 342, 349, 40 S.Ct. 155, 157, 64 L.Ed. 297.

The language as used in the Regulations indicates clearly that it was the belief of the Administrative department that a charge off was necessary for both worthless and partially worthless debts. That such was a proper interpretation of section 234 (a) (5) is emphasized by the fact that Congress thrice re-enacted the section as found in the Revenue Act of 1921 in its identical language *after* the quoted Regulations had been promulgated. It is a settled rule of statutory interpretation that administrative construction of a statute must be deemed to have received legislative approval by re-enactment of the statutory provision without change. United States v. Dakota-Montana Oil Co., supra; National Lead Co. v. United States, 1920, 252 U.S. 140, 40 S.Ct. 237, 64 L.Ed. 496; Brewster v. Gage, supra; Ambassador Petroleum Co. v. Commissioner, 9 Cir., 1936, 81 F.2d 474; Commissioner v. Wilshire Oil Co., 9 Cir., 1938, 95 F.2d 971; Securities Allied Corporation v. Commissioner, 2 Cir., 1938, 95 F.2d 384; Loose-Wiles Biscuit Co. v. Rasquin, 2 Cir., 1938, 95 F.2d 438.

It must be recalled that Congress amended the section in 1932, 26 U.S.C.A. § 23(k), changing the language to read "* * * when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, *in an amount not in excess of the part charged off within the taxable year,* as a deduction." [Italics supplied.] We do not think that Congress in so amending intended to change the law. The new statute was merely declaratory of the meaning of the previous law and was intended as a clarification thereof. See Helvering v. New York Trust Co., 1934, 292 U.S. 455, 54 S.Ct. 806, 78 L.Ed. 1361; Old Colony Trust Co. v. Malley, 1 Cir., 1927, 19 F.2d 346, certiorari denied, 1927, 275 U.S. 563, 48 S.Ct. 121, 72 L.Ed. 428; Commissioner v. Liberty Nat. Co., 10 Cir., 1932, 58 F.2d 57, 59, certiorari denied, 1932, 287 U.S. 603, 53 S.Ct. 9, 77 L.Ed. 525; Joy Floral Co. v. Commissioner, 1928, 58 App.D.C. 277, 29 F.2d 865, 868. This amendment was adopted shortly after the opinion in the Liberty Bank Case, supra, was filed. The rule that administrative construction of a prior act is sanctioned by Congressional re-enactment is paralleled by the rule that re-enactment without change of a statute which has received construction by the courts will be deemed to be an adoption by the legislature of such judicial construction. Hecht v. Malley, 1924, 265 U.S. 144, 44 S.Ct. 462, 68 L.Ed. 949; Latimer v. United States, 1912, 223 U.S. 501, 32 S.Ct. 242, 56 L.Ed. 526. The converse of this rule would be that Congress, in changing the language of a statute after a judicial construction thereof, thus indicates that the court has misjudged the Congressional intent. There can be no such presumption, but we do believe that this court may permissibly indulge in an inference that Congress was familiar with the opinion in the Liberty Bank Case, supra, and that such an inference coupled with the history of the legislation dealing with deductions for bad debts is some indication that Congress intended a charge off as a necessary condition precedent to the allowance of a deduction for partially worthless debts under the Revenue Act of 1921 and those following:

We also think that the language as found in section 234(a) (5) prior to the 1932 amendment, 26 U.S.C.A. § 23(J) note, that "when satisfied that a debt is recoverable only in part, the Commissioner may al-

---

[7] Manhattan General Equipment Co. v. Commissioner, 1936, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528, rehearing denied 1936, 297 U.S. 728, 56 S.Ct. 587, 80 L.Ed. 1010; Sterling Oil & Gas Co. v. Lucas, D.C.Ky.1931, 51 F.2d 413, affirmed Lucas v. Sterling Oil & Gas Co., 6 Cir., 1933, 62 F.2d 951; Ardsley Club v. Durey, D.C.N.Y.1930, 40 F.2d 293.

low such debt to be charged off in part" was intended to merely make explicit what is implicit in all allowances for deductions, namely, that all deductions are subject to the audit of the Commissioner. See, Brown, The Time for Taking Deductions for Losses and Bad Debts for Income Tax Purposes, 84 Univ.Pa.L.Rev., 51, 61. It may have been that Congress in using this language intended to give the Commissioner a broader discretion than he has in dealing with totally worthless debts, but this it is unnecessary for us to now decide.

We do decide that under section 234 (a) (5) of the Revenue Act of 1926 a charge off during the taxable year is a necessary condition precedent to the allowance of a deduction for bad debts, both total and partial, and that since it is admitted that appellant made no such charge off, it is not entitled to the claimed deduction for the year 1927, even though it be assumed that the bonds held by it were ascertained to be partially worthless in that year. By the same token, the interest accrued on the books of appellant for the year 1926 and not charged off or written down in 1927 cannot be a basis for a deduction. Whether the uncollected interest be considered as a totally worthless debt or as a part of the principal and thus included in the sum of the partial worthlessness, is unimportant in view of what we have just said.

The fact that the General Counsel for the Bureau of Internal Revenue in his memorandum[8] gave his opinion that the decision in the Liberty Bank Case, supra, was correct and that a charge off, "being a technical requirement, may be made after the taxable year", is not persuasive. Such memoranda and other informal rulings "have none of the force or effect of Treasury Decisions and do not commit the Department to any interpretation of the law." See Helvering v. New York Trust Co., supra; Cole v. Commissioner, 9 Cir., 1935, 81 F.2d 485, 104 A.L.R. 420; Pictorial Review Co. v. Helvering, 1934, 63 App.D.C. 21, 68 F.2d 766.

In this view of the case it is unnecessary for us to discuss other reasons suggested by appellee for affirmance of the judgment of the District Court. The judgment of the District Court is affirmed.

HANEY, Circuit Judge.
I concur in the result.

8 See footnote No. 4, supra.