**BENDER v. HEINER.**

No. 8361.

District Court, W. D. Pennsylvania.

March 28, 1939.

Edw. J. Thompson, of Philipsburg, Pa., and Wallick & Shorb, of Washington, D. C., for plaintiff.

C. F. Uhl, U. S. Atty., and Orris Bennett, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action by the receiver of a national bank to recover from a collector of internal revenue $13,808.57 representing income taxes paid for the calendar year 1931, with interest thereon. This suit is timely brought. Proper claims for refund were daily made and disallowed by the

Commissioner of Internal Revenue. The questions presented were these: (1) Was the Bank entitled to deductions in computing its net taxable income for the calendar year 1931 for losses claimed to have been sustained, due to the alleged partial worthlessness of certain bonds held by the Bank, but not charged off as worthless during the taxable year; and (2) Was the Bank entitled to a greater deduction for depreciation on its bank building than was allowed it.

The applicable revenue statute is the Revenue Act of 1928, c. 852, 45 Stat. 791, 799, Sec. 23, 26 U.S.C.A. § 23 and note, of which the provision as to bad debts and depreciation is as follows:

"Sec. 23. *Deductions From Gross Income.*

"In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

" (j) *Bad debts.*—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

" (k) *Depreciation.*—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance, for obsolescence. \* \* \*"

We have filed herewith our findings of fact and conclusions of law, holding that the plaintiff is not entitled to recover.

Briefly, the facts are these: On March 15, 1932, the Bank filed its income-tax return for the year, showing net income of $121,334.75, and tax-liability of $14,560.17, which was paid. On audit of this return and the books of the Bank by a Revenue Agent, an overassessment in the sum of $751.60 was recommended, involving, among other items which are not material here, an allowance as a deduction of $6,489 for bond losses, representing a portion of $15,155.50 charged to surplus by the Bank during the year 1931 as "depreciation charged on bonds still owned." Thus, the net taxable income, as determined by the Revenue Agent, amounted to $115,071.45. Thereafter, this determination was approved by the Commissioner, and the overassessment of $751.60 was scheduled, leaving the amount of tax, exclusive of interest, in controversy in this proceeding, $13,808.57. Due and timely claims for refund were made, alleging that the deductions for bad debts and depreciation had been understated in the return filed, which, if allowed, would require the refunding of the entire tax paid. It is the contention of plaintiff: (1) that the Bank should be allowed, as a deductible loss, the total amount of $15,155.50 on shrinkage in bond values charged to surplus on its books, as instructed by a national bank examiner in May, 1931, instead of $6,489 as allowed by the Commissioner; (2) that the Bank should be allowed as partial losses $24,817.50 shrinkage in bond values in 1931, not charged off until 1932; and (3) that the Bank should be allowed as partial losses $52,184.77 sustained upon foreign bonds owned by the Bank, but not charged off prior to its closing.

■ It is our opinion that these partial losses on account of bonds cannot be allowed as a worthless debt, because there was no ascertainment of the partial worthlessness and a charge-off by the Bank during the taxable year. See our opinion Peerless Oil & Gas Co. v. Heiner, D.C., 12 F.Supp. 232, affirmed 3 Cir., 81 F.2d 391; Santa Monica Mountain Park Co. v. United States, 9 Cir., 99 F.2d 450; American Cigar Co. v. Commissioner, 2 Cir., 66 F.2d 425; certiorari denied, 290 U.S. 699, 54 S.Ct. 209, 78 L.Ed. 601; Continental Pipe Mfg. Co. v. Poe, 9 Cir., 59 F.2d 694; Cross v. Commissioner, 9 Cir., 54 F.2d 781; American Sav. Bank & Trust Co. v. Burnet, 9 Cir., 45 F.2d 548; McMillan v. United States, Ct.Cl., 18 F.Supp. 853; Hoover v. United States, Ct.Cl., 18 F.Supp. 860.

It may be noted that some courts have held that partially worthless debts need not be ascertained to be worthless and charged off during the taxable year, because, as a condition precedent to such charge-off, the Commissioner must be "satisfied that a debt is recoverable only in part." See Commissioner v. Liberty Bank & Trust Co., 6 Cir., 59 F.2d 320, 322; Chatham Phenix Nat. Bank & Trust Co. v. Helvering, 66 App.D.C. 330, 87 F.2d 547.

■ We are unable to accept this interpretation of the statute. In our view, the correct rule is stated in Santa Monica Mountain Park Co. v. United States, supra. But even if the interpretation of the court in the Liberty Bank case be correct, it will not change the results in the instant case, for the Commissioner has ruled that the plaintiff is not entitled to the

deduction claimed; and there is no evidence that the action of the Commissioner is so plainly arbitrary or unreasonable as to cause this court to set this ruling aside. See Stranahan v. Commissioner, 6 Cir., 42 F.2d 729; Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010; Lucas v. Kansas City Structural Steel Co., 281 U.S. 264, 50 S. Ct. 263, 74 L.Ed. 848.

■ As to the contention of plaintiff that sufficient deduction for depreciation was not allowed on its bank building for the year 1931, in the original tax return depreciation was claimed on this building to the amount of $4,300.21. This amount was based on a composite rate of depreciation of two per cent of the net cost of the entire building as of January 1, 1931. The Bank used this same rate in arriving at the allowable deduction for years prior to 1931. We cannot find that this method of computing depreciation was unfair or unreasonable. No evidence was offered at the trial to show that the depreciation claimed and allowed was unreasonable. We cannot, therefore, disturb the findings of the Commissioner.

An order for judgment for defendant may be submitted in accordance with this opinion, and our findings of fact and conclusions of law filed herewith.